No. 92-425

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF

ROBERT JOSEPH IRWIN,

      Petitioner and Appellant,

  and

KELLY ANN IRWIN,

      Joint-Petitioner and Respondent.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Christopher Daly, Attorney at law,
          Missoula, Montana

      For Respondent:

          Kelly Ann Irwin, Pro Se,
          Arroyo Grande, California

FILED

JUN 23 1993

Filed: _Ed Smith_
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  December 17, 1992

Decided:   June 23, 1993

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Robert Joseph Irwin appeals from a July 13, 1992, order of the District Court for the Fourth Judicial District, Missoula County, in which the court reaffirmed its decision that Montana is an inconvenient forum for child custody determinations pursuant to § 40-7-108, MCA, and stayed further proceedings for 30 days to allow Kelly Irwin to move a California court to assume jurisdiction over this matter. We affirm.

The sole issue for our consideration is whether the District Court abused its discretion when it concluded that, in this instance, Montana is an inconvenient forum for a child custody proceeding.

The Irwin marriage was dissolved by order of the Fourth Judicial District Court on October 31, 1989. The parties were awarded joint custody of the two minor children--Jake, who was six years old, and Caitlin, who was four years old--and Kelly was named as primary physical custodian. Two months later, after giving Joseph notice as required by the divorce decree, Kelly and the children moved to California to be closer to family and friends. At the time, Joseph was unemployed and could not provide support for the children.

After Kelly left Montana, Joseph returned to Seattle, where the couple had previously lived, to look for employment. They attempted reconciliation during the spring of 1990, but when unsuccessful, Joseph brought the children to Montana for summer visitation.

2

In August 1990, Joseph moved the court to modify custody and requested that he be named primary physical custodian. Kelly filed a motion to dismiss based on lack of jurisdiction, inconvenient forum, and insufficient grounds to modify custody. The court denied Kelly's motion and concluded that it would exercise jurisdiction to hear Joseph's motion. Based on the serious allegations which were raised by Joseph, the court allowed the children to stay in Montana with Joseph during the 1990-91 school year, pending a decision on the merits of the motion.

The court held extensive hearings, and on February 22, 1991, issued an order in which it concluded that Joseph's allegations were unfounded and that the modification motion had been frivolous and an abuse of the judicial process. The court ordered the original decree to remain in place without alteration. However, because the children were enrolled in Montana schools, the court determined that it would be in their best interests to have them remain with Joseph until the end of the school year, at which time Kelly would be reinstated as primary physical custodian.

Kelly removed Jake and Caitlin to California in June 1991, and they have lived in California since that time. Joseph has continued to work temporary jobs in the State of Washington, but has maintained legal residency in Montana, and has brought the children to Montana for brief visits.

Because the Montana court was continuing to exercise jurisdiction over the issue of child support, Kelly moved the District Court on April 29, 1992, to stay further proceedings and

3

determine proper venue due to the fact that the children have continuously resided and attended schools in California since June 1991. The court issued its opinion and order on June 1, 1992, in which it concluded that Montana is an inconvenient forum pursuant to § 40-7-108, MCA. All Montana proceedings were stayed for 30 days to allow Kelly to move a California court to assume jurisdiction. Joseph moved the court to reconsider its ruling, and on July 13, 1992, the court reaffirmed its decision that Montana is no longer the proper forum for further custody determinations. Joseph appeals.

Joseph contends that the District Court abused its discretion when it relinquished jurisdiction in favor of California and concluded that Montana is an inconvenient forum under the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA), found at §§ 40-7-101 through -125, MCA. He argues that the Montana court is in the superior position to determine the merits of the case because it has had extensive opportunities to observe numerous witnesses, hear the testimony of experts, and observe the demeanor and character of the parties that have been involved in this litigation since the time of the original dissolution. Furthermore, he contends that he should not be penalized because he is currently employed and resides in Washington. Joseph asserts that it is Kelly who has created the inconvenience by putting 2000 miles between herself and the Missoula court.

The stated purpose of the UCCJA is to avoid the jurisdictional conflicts that arise in the enforcement and modification of custody

4

decrees, and to assure that any litigation involving minor children occurs in the state where the child has the closest connection and where significant evidence concerning the child's care, protection, training, and personal relationships is most readily available. Section 40-7-102, MCA. Section 40-7-108, MCA, provides that a court of competent jurisdiction may decline to exercise jurisdiction if it finds that it is an inconvenient forum under the circumstances, and that a court of another state is a more appropriate forum. In making such a determination, the court shall consider if it is in the child's best interest for another state to assume jurisdiction, taking into account such factors as whether another state is the child's home state, whether substantial evidence concerning the child's welfare is more readily available in another state, and whether the exercise of jurisdiction by a Montana court would contravene the UCCJA's stated purposes. Section 40-7-108(3), MCA.

When reviewing discretionary matters such as this, our standard of review is whether or not the court abused its discretion. *Steer, Inc. v. Department of Revenue* (1990), 245 Mont. 470, 475, 803 P.2d 601, 603-04. In this instance, we conclude that the court did not abuse its discretion when it determined that Montana is an inconvenient forum and that the children's interests would be best served by having a California court assume jurisdiction.

It is apparent from reviewing the record and the court's findings of fact and conclusions of law that the court carefully considered where evidence regarding the children's environment and

5

welfare was most readily available. After considering the factors in § 40-7-108(3), MCA, the court found that it would be inappropriate to require Kelly and the children, and any witnesses familiar with the children, to travel to a remote court in Montana every time an issue involving custody, child support, or modification of the prior decree was raised. California is now the children's home state, and that is where the most significant evidence regarding the children's care, protection, and social development is available.

For these reasons, the decision of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6

June 23, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Christopher Daly
Attorney at Law
101 E. Broadway, Ste. 200
Missoula, MT 59802

Kelly Ann Irwin
2790 Green Place Rd.
Arroyo Grande, CA 93420

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy